**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONALD W. CANNON,
Plaintiff-Appellant,

v.

No. 97-2515

THE CITY OF EMPORIA; RANDOLPH
CARLISLE, in his official capacity,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-97-248-3)

Submitted: February 23, 1999

Decided: March 15, 1999

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge, and
WILLIAMS, United States District Judge of the District of
Maryland, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Steven P. Hanna, Richmond, Virginia, for Appellant. John A. Gibney,
Jr., Robert A. Dybing, SHUFORD, RUBIN & GIBNEY, Richmond,
Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Donald W. Cannon filed suit against the City of Emporia and former police chief Randolph R. Carlisle, alleging violations of 42 U.S.C.A. § 1983 (West Supp. 1998). The district court granted summary judgment to the Defendants, and Cannon appeals.

Cannon was the manager of The Bakery Restaurant and Lounge ("The Bakery"), a dance hall in Emporia. During Cannon's management, he altered the format of The Bakery to offer rap, hip-hop, and rhythm and blues. This new format attracted primarily African-American customers.

Both prior to and during Cannon's management, The Bakery was a frequent source of public disturbances and fights, and police responded to calls at The Bakery on a regular basis. In response to these problems, the Emporia Police Department instituted several measures, including posting numerous officers and canine units at the entrance to The Bakery and proposing an ordinance regulating dance halls. After these developments, Albert L. Davis, the owner of The Bakery, canceled Cannon's lease. Cannon then filed suit alleging that the police department's campaign of harassment and intimidation forced Davis to cancel his lease, thereby depriving Cannon of his property rights in his business. Cannon also claimed that the Defendants violated his equal protection rights and improperly denied him the right to pursue a lawful vocation.

The district court granted the Defendants' motion for summary judgment, finding that Cannon failed to show that the Defendants acted with deliberate indifference or beyond the bounds of legitimate governmental action. According to the district court, the actions of the police department were reasonable, justified, and unrelated to the race of Cannon's clientele. In addition, the court held that Davis, not the

2

Defendants, was ultimately responsible for the cancellation of The Bakery's lease and that Cannon failed to offer any evidence that the Defendants adversely affected his ability to seek employment.

We previously granted Cannon's unopposed motion to submit this appeal for decision on the briefs without oral argument. Having thoroughly reviewed the briefs and record in this case, we find no reversible error. Accordingly, we affirm the order based on the reasoning of the district court. See Cannon v. City of Emporia, No. CA-97-248-3 (E.D. Va. Oct. 2, 1997).

AFFIRMED

3